Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California  90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Howard M. Ehrenberg,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>FU KONG INC.,<br><br>    Debtor. | Case No. 2:18-bk-17345-ER<br><br>Chapter 7<br><br>Adv. No. |
| HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>    vs.<br><br>LUNG HSIANG HSU, an individual,<br><br>    Defendant. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547(b), 548, 550 AND 551**<br><br>Status Conference:<br><br>Date:   {To Be Set By Court}<br>Time:   {To Be Set By Court}<br>Place:   Courtroom 1568<br>  United States Bankruptcy Court<br>  255 East Temple Street<br>  Los Angeles, California  90012 |

For his Complaint For Avoidance And Recovery Of Fraudulent Transfers And Preferential Transfers Pursuant To 11 U.S.C. §§ 544, 547(B), 548, 550 And 551 ("Complaint"), against Lung Hsiang Hsu ("Defendant"), Howard M. Ehrenberg, the duly appointed and acting Chapter 7 Trustee of the estate of Fu Kong Inc. ("Trustee" or Plaintiff"), hereby alleges as follows:

SFW\ 2677229v1                                                1

## REQUIRED PLEADING DISCLOSURE

In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of Fu Kong Inc. ("Debtor").  Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On June 26, 2018 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), commencing Case No. 2:18-bk-17345-ER ("Bankruptcy Case").

2. On January 9, 2019, this case converted to one under Chapter 7 of the Bankruptcy Code.  Thereafter, Howard M. Ehrenberg was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate ("Estate"), and he continues to act in that capacity.

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(b)(1), (b)(2)(F), and (b)(2)(H).

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to the Debtor's bankruptcy case which is still pending.

5. Pursuant to 11 U.S.C. § 544, the Plaintiff has standing to bring this adversary proceeding on behalf of the Estate.

## PARTIES

6. The Plaintiff is the Chapter 7 trustee of the Estate, and brings this action for the benefit of the Estate and its creditors.  To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

7.      Plaintiff was appointed as Chapter 7 trustee after the Petition Date.  As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore alleges all those facts on information and belief.  Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

8.      Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in Los Angeles County, California.  Plaintiff is informed and believes that at all relevant times, Defendant was a relative of George Hsu and/or Lillian Hsu, the President. Sole Director, and Sole Shareholder of the Debtor.

9.      At all relevant times, Defendant was the entity for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     Prior to the Petition Date, the Debtor was involved in the women's clothing business.

11.     Prior to the Petition Date, the Debtor made three payments to the Defendant by check:  (1) payment of $23,000 by check dated January 22, 2016, (2) payment of $25,000 by check dated March 1, 2016, and (3) payment of $24,500 by check dated May 23, 2016.  True and correct copies of each of these checks is attached hereto as **Exhibit 1**.  The total amount of these transfers (hereafter, the "Transfers"), was $72,500.

12.     Plaintiff has asked Debtor for information regarding the Transfers, but Debtor has not provided any information or explanation as to why the Transfers were made.

## FIRST CLAIM FOR RELIEF

**(Avoidance And Recovery Of Transfers As Intentionally Fraudulent Transfers Pursuant To**

**11 U.S.C. § 544(b) And 550(a) And Cal. Civil Code § 3439.04(a)(1)) and 3439.07**

13.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

14. Plaintiff is informed and believes, and based thereon alleges, that during the four (4) year period preceding the Petition Date, the Transfers were made to or for the benefit of the Defendant.

15. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made with the actual intent to hinder, delay and/or defraud Debtor's creditors in that, among other things,

    a. prior to receiving the Transfers, the Defendant did not transfer any property to the Debtor of material value;

    b. at no time did the Debtor enter into any agreement with Defendant to repay Defendant for any monies previously transferred to the Debtor by Defendant;

    c. the Defendant is an insider of the Debtor, as the Defendant is a relative of the principals of the Debtor;

    d. the value of any consideration transferred by the Defendant to the Debtor was not reasonably equivalent to the value of the Transfers;

    e. as the Defendant was a family member of the principals of the Debtor, the effect of the Transfer was to transfer property of the Debtor to an insider of the Debtor;

    f. the Transfers effectuated a transfer of a substantial amount of the Debtor's assets;

    g. the Debtor retained possession or control of the proceeds of the Transfers after such transfers were made;

    h. the Debtor was insolvent at the time of the Transfers or became insolvent as a result of or shortly after the Transfers; and

    i. the Transfers occurred after the Debtor incurred substantial debt.

16. At all relevant times, the Transfers were voidable under California Civil Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation,

those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

17. Plaintiff is entitled to an order and judgment under 11 U.S.C. §544(b) and 550(a) that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

**(For Avoidance And Recovery Of Transfers Pursuant To 11 U.S.C. § 544(b) and 550(a) and Cal. Civil Code § 3439.04(a)(2) or 3439.05 and California Civil Code §3439.07**

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17, as though set forth in full.

19. The Transfers occurred within four years of the Petition Date.

20. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfers, the Debtor: (i) was engaged in or was about to be engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; or (iii) the Debtor was insolvent or became insolvent as a result of the Transfers.

21. At all relevant times, the Transfers were voidable under California Civil Code §§ 3439.04(a)(2) or 3439.05 and California Civil Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

22. Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the Transfers are avoided.

## THIRD CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

24. As alleged herein, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 544 As the Defendant is the initial transferee of the Transfers, or the person for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

## FIFTH CLAIM FOR RELIEF

### (For Preservation Of Avoided Transfer Pursuant To U.S.C. § 551)

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

26. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 544, including the Transfers, for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Transfers are avoided under §§ 544(b) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the Transfers are avoided under §§ 544(b) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the Estate is entitled to recover the Transfers or the value thereof under 11 U.S.C. § 550;

### ON THE FOURTH CLAIM FOR RELIEF

4. For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 544, including the Transfers, for the benefit of the Estate;

**ON ALL CLAIMS FOR RELIEF**

5. For interest as permitted by law from the date of the Transfers;

6. For costs of suit incurred herein, including attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: August 5, 2019

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Steven F. Werth
    Steven F. Werth
    Attorneys for Howard M. Ehrenberg
    Chapter 7 Trustee

# EXHIBIT 1



Date 01-22-2016  Account 8083006448  Amount 23000.00  Serial 91
DAccount 0  DAmount 3735304



Date 03-01-2016  Account 8083006448  Amount 25000.00  Serial 92
DAccount 20308953  DAmount 2500000



Date 05-02-2016  Account 8083006448  Amount 4500.00  Serial 93
DAccount 500101230  DAmount 9528584400

 

Date 05-23-2016  Account 8083006448  Amount 24500.00  Serial 94
DAccount 20308953  DAmount 2450000



Date 05-26-2016   Account 8083006448   Amount 3500.00   Serial 96
DAccount 500101230   DAmount 5124617318



Date 05-27-2016   Account 8083006448   Amount 1000.00   Serial 95
DAccount 500101230   DAmount 5155102860



Date 07-01-2016   Account 8083006448   Amount 5000.00   Serial 97
DAccount 500101230   DAmount 5720235085



Date 12-29-2016   Account 8083006448   Amount 5000.00   Serial 98
DAccount 500101230   DAmount 7796248947

0010

Date 01-18-2017    Account 8083006448    Amount 5000.00    Serial 99
DAccount 500101230    DAmount 8704964372

Date 05-12-2017    Account 8083006448    Amount 2500.00    Serial 100
DAccount 500101230    DAmount 5742073214

Date 05-15-2017    Account 8083006448    Amount 2600.00    Serial 0
DAccount 500101230    DAmount 8560934247

Date 08-01-2017    Account 8083006448    Amount 28.00    Serial 0
DAccount 500101230    DAmount 8728485343

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HOWARD M. EHRENBERG, Chapter 7 Trustee | **DEFENDANTS**<br>LUNG HSIANG HSU |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven F. Werth (CA State Bar No. 205434)<br>*swerth@sulmeyerlaw.com*<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547(b), 548, 550 AND 551

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand: $72,500.00 |
| Other Relief Sought<br>For interest, costs of suit, including attorney's fees. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>FU KONG INC. | BANKRUPTCY CASE NO.<br>2:18-bk-17345-ER ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*/s/ Steven Werth/*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 5, 2019 | Steven F. Werth<br>*swerth@sulmeyerlaw.com*<br>SulmeyerKupetz, A Professional Corporation |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.